Case 4:15-cv-03006   Document 14   Filed in TXSD on 03/22/16   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
March 22, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARTHUR OAKLEY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-15-3006 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, a state inmate proceeding *pro se*, filed this section 2254 habeas petition challenging his conviction and sentence for aggravated assault with a deadly weapon. Respondent filed a motion for summary judgment based on expiration of limitations (Docket Entry No. 10), to which petitioner filed a response (Docket Entry No. 13).

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court GRANTS the motion for summary judgment, DENIES habeas relief, and DISMISSES this lawsuit as barred by the federal one-year statute of limitations.

*Procedural Background*

Petitioner pleaded guilty to aggravated robbery in Harris County, Texas, and was sentenced to thirty years' incarceration on November 7, 2013. No direct appeal was pursued. Petitioner's application for state habeas relief, filed with the trial court on April 30, 2014, was denied by the Texas Court of Criminal Appeals on January 7, 2015.

Petitioner filed the instant federal habeas petition no earlier than October 8, 2015, claiming trial court error, ineffective assistance of counsel, involuntariness of his guilty plea, and insufficiency of the evidence.

Respondent argues that the petition is barred by the applicable one-year statute of limitations.

### *Statute of Limitations*

This petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1), (2).

Respondent alleges, and the record shows, that petitioner's conviction became final for purposes of the one-year limitation on December 9, 2013, and expired one year later on December 9, 2014. Petitioner's application for state habeas relief remained pending for 253 days; consequently, his deadline for filing this federal petition was August 19, 2015. Petitioner did not file this petition until October 8, 2015, and the petition is untimely.

Petitioner argues in his response to the motion for summary judgment that he is entitled to equitable tolling. Equitable tolling should be applied only in "rare and exceptional circumstances." *Felder v. Johnson*, 204 F.3d 168, 170–71 (5th Cir. 2000). More specifically, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Grooms v. Johnson*, 208 F.3d 488, 489–90 (5th Cir. 1999). However, petitioner does not set forth any facts establishing entitlement to equitable tolling in this case, and he fails to meet his burden of proof. *See Phillips v. Donnelly*, 26 F.3d 508, 511 (5th Cir. 2000).

Petitioner further claims that he is entitled to an additional ninety days' tolling, citing *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2006). Petitioner is incorrect. Because he did

not pursue a direct appeal, he is not entitled to the additional tolling. In *Butler v. Cain*, 533 F.3d 314 (5th Cir. 2008), the Fifth Circuit Court of Appeals held that, when a habeas petitioner pursues relief on direct appeal through the Texas Court of Criminal Appeals, his conviction becomes final ninety days thereafter, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. However, the Fifth Circuit continued, if the petitioner stops the appeal process before that point, the conviction becomes final when the time for seeking further direct review in the state court expires. Here, petitioner did not pursue direct appeal, and the provision for an additional ninety days' tolling is inapplicable. Respondent is entitled to summary judgment dismissal of this lawsuit as barred by limitations.

## *Conclusion*

Respondent's motion for summary judgment (Docket Entry No. 10) is GRANTED and this lawsuit is DISMISSED WITH PREJUDICE as barred by limitations. A certificate of appealability is DENIED. Any and all pending motions are DENIED AS MOOT.

Signed at Houston, Texas on March 22, 2016.

_____
Gray H. Miller
United States District Judge